IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV01507-WRW |
| | : | 4:05CV01033-WRW |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **SHARON HICKS and DON HICKS** | : | PLAINTIFFS |
| | : | |
| v. | : | |
| | : | |
| **WYETH, INC., et. al.** | : | DEFENDANTS |

## ORDER

Pending is Plaintiffs' Motion to Dismiss Arkansas Lawsuit or in the alternative Motion to Consolidate (Doc. No. 10). Defendants have responded and Plaintiffs have replied.[1]

**I.   BACKGROUND**

Plaintiffs, who are residents of neither Arkansas nor Minnesota, were part of a multi-plaintiff complaint[2] removed from Benton County (Arkansas) Circuit Court to the Western District of Arkansas on January 26, 2005. The case was transferred on April 25, 2005 to this Court to be part of MDL-1507. On June 15, 2005, the multi-plaintiff complaint was severed, and Plaintiffs were directed to file an individual complaint. Plaintiffs filed their individual complaint in the Eastern District of Arkansas on July 27, 2005.[3] On July 1, 2008, Plaintiffs filed a second,

---

[1] Doc. Nos. 12, 13.

[2] *Adkisson, et al. v. Wyeth, et al.*, No. 4:05-CV-00636-WRW (E.D. Ark. April 25, 2005).

[3] Doc. No. 1.

1

essentially identical, complaint in the District Court of Minnesota.[4]  The Minnesota case was transferred by the JPML to the Eastern District of Arkansas on September 29, 2008.[5]

Plaintiffs now seek to dismiss (or consolidate) their Arkansas case and proceed with the later-filed Minnesota case.

## II.     DISCUSSION

### A.     Voluntary Dismissal of Arkansas Case

Defendants assert that Plaintiffs' Motion should be denied because such a dismissal (that would allow Plaintiff to proceed with the later-filed case in Minnesota) would deprive Defendant of its statute of limitations defense.

Deciding a motion to voluntarily dismiss under Rule 41(a)(2) rests within "the sound discretion" of the Court.[6]  However, one of the factors a court must consider when ruling on a motion for voluntary dismissal under Rul 41(a)(2) is "whether dismissal will prejudice defendants."[7]  According to the Eighth Circuit, it would be an abuse of discretion "to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed."[8]  Plaintiffs contend that Defendants have not presented such a defense.  I disagree.

---

[4]*Hicks, et al. v. Pfizer, et al.*, No. 0:08-CV-04194 (D. Minn. July 1, 2008).

[5]*Hicks, et al. v. Wyeth, et al.*, No. 4:08-CV-03385-WRW (E.D. Ark. Sept. 29, 2008).

[6]*Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998).

[7]*Hamm v. Rhone-Poulenc Rorer Pharm, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

[8]*Metropolitan Fed. Bank of Iowa v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993).

2

To amount to legal prejudice, Plaintiffs assert that Defendants are required to present a statute of limitations defense that is "<u>proven</u>, valid" and "<u>clear beyond a doubt.</u>"[9]  Plaintiffs over-egg the puddin'.  The Eighth Circuit requires only that the statute of limitations defense be valid, not absolute -- whether or not Defendants are ultimately successful on the defense is of no consequence at this point.  Plaintiffs' own brief supports the legitimacy of Defendants' statute of limitations defense in this case.  Plaintiffs claimed that "if maintained in this state, [Plaintiffs' claims] could have been deemed barred" by the statute of limitations.[10]  Here, permitting Plaintiffs to voluntarily dismiss this case to avoid a valid statute of limitations defense while pursuing identical claims against the same Defendants in another federal court, with a possibly longer statute of limitations, would prejudice Defendants.

      **B.**      **Consolidation**

Alternatively, Plaintiffs ask that this case be consolidated with the case currently pending in the District Court of Minnesota. Both of these cases[11] were transferred, under 28 U.S.C. § 1407(a), to the MDL pending in the Eastern District of Arkansas.  An MDL transferee court has jurisdiction for pretrial proceedings only.  However, for actions to be consolidated under Rule 42, "the actions to be consolidated must both be pending before the court for all purposes."[12]  Since these cases are not pending before the Court for all purposes, Plaintiffs' Motion to Consolidate must be denied.  Furthermore, consolidating this case with the Minnesota action

---

[9]Doc. No. 13 (emphasis in original).

[10]Doc. No. 10.

[11]Although this Complaint was filed directly in the Eastern District of Arkansas, the case originally was transferred here from the Western District of Arkansas via the JPML.

[12]See *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 344 (S.D.N.Y. 1974).

3

would simply provide an end-around of Defendants' statute of limitations defense addressed earlier.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Dismiss Arkansas Lawsuit or in the alternative Motion to Consolidate (Doc. No. 10) is DENIED.

IT IS SO ORDERED this 18th day of December, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE